**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred H. ARMES, Defendant-Appellant.**

**No. 72–1186.**

United States Court of Appeals,
Sixth Circuit.

Nov. 29, 1972.

Certiorari Denied March 5, 1973.
See 93 S.Ct. 1450.

**1354**

Francis Breazeale, Chattanooga, Tenn., for appellant.

Jerry Foster, Ass't U. S. Atty., Chattanooga, Tenn., for appellee; John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on briefs.

Before EDWARDS and CELEBREZZE, Circuit Judges, and WELLFORD,* District Judge.

EDWARDS, Circuit Judge.

Appellant was convicted after jury trial of uttering and publishing a counterfeit $20 bill, and of possessing a quantity of similar counterfeit $20 bills. Both counts charged offenses under 18 U.S.C. § 472 (1970). Appellant was sentenced to one year under Count 1 and three years under Count 2, with parole to be at the discretion of the Parole Board, under 18 U.S.C. § 4208(a) (1970).

Appellant contends that his conviction should be reversed and his case remanded for new trial because his counsel's request for a copy of appellant's statement to a Secret Service Agent was not complied with before trial. The statement was furnished at the time of trial for purposes of cross-examining the officer who took it and before close of the government's case.

At the trial three witnesses testified that appellant came into a drugstore in Chattanooga and tendered a counterfeit $20 bill for a package of cigarettes. The girl at the register took the bill back to the store owner, who showed it to the pharmacist, at which point appellant departed in haste without either bill or change. The store owner chased him and got a description of the car and license. This information was phoned in to the police by the pharmacist. A police squad car received the description of the car by radio, saw it a short distance from the drugstore, forced it to the curb, and arrested appellant and his brother. A police search of the automobile resulted in the police officers finding a thick stack of counterfeit $20 bills identical to the one which appellant had tendered at the drugstore.

Appellant testified at the trial, conceding that all the events related above happened, but placing a very different

* Honorable Harry W. Wellford, United States District Judge, for the Western District of Tennessee, sitting by designation.

interpretation on them. He testified that he was at the time acting as a government informer and deliberately sought to get arrested so as to be able to turn the counterfeit bill over to the Secret Service.

A Secret Service Agent testified that he questioned appellant on the day of his arrest after warning him of his constitutional rights and after he had signed a written waiver of same. He said that appellant told him that he was a government undercover agent, that when he was arrested, he was on his way to turn in the counterfeit bills at the Chattanooga office of the Secret Service, and that he inadvertently had passed one of them in the purchase of cigarettes.

This testimony concerning appellant's statement was received over appellant's objection. His counsel reminded the District Judge that he had made a pretrial motion under Fed.R.Crim.P. 16 for any statement or confession taken from appellant, that the government's response had been that they would furnish any such statement, and that on that basis the District Judge had denied the motion. Appellant's counsel asserted that he subsequently called the United States Attorney and was told that the government had no statement. Appellant's counsel conceded at oral argument that he knew that the government did have a statement from his client but that he did not go back to the court to seek its aid in compelling disclosure of it before trial.

■ It is clear to us that the government was under an affirmative obligation to give appellant's counsel a copy of appellant's statement, as it had promised to do. The District Judge was certainly correct in placing an admonition to this effect in the record of the trial. Our appellate question, however, as both parties agree, is whether the District Judge's admission of the statement, even though it was furnished at, rather than before, trial, was reversible error. We conclude that in the circumstances of this case, it was not.

First, the statement was taken in full accord with *Miranda* standards, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It was exculpatory in nature and (absent the production argument) was both voluntary and admissible.

Second, we note that appellant's counsel concedes, as we believe the facts would require, that he knew that the government did in fact have a statement from his client. If he considered it vital to the pretrial preparation of his case, he could have insisted to the United States Attorney that the government did have a statement, and he certainly could have returned to the District Judge and sought an order for its production. The District Judge possessed full power to compel production under the terms of Rule 16(g), Fed.R.Crim.P.

■ Third, the District Judge possesses wide discretion in controlling discovery proceedings under Fed.R.Crim.P. 16. Hansen v. United States, 393 F.2d 763 (8th Cir. 1968).

In a case where the government's failure to produce was found to be intentional (a finding which this record does not support), the Seventh Circuit nonetheless affirmed the admission of the disputed statement:

Defendant Allsenberrie also raises as reversible error the allowance into evidence by the trial court of defendant's statements to F.B.I. agent Genakos when these statements were not produced previous to trial in response to a defense initiated pretrial discovery order. Rule 16(g) of the Federal Rules of Criminal Procedure allows the trial court to allow into evidence in its discretion material which was the subject of a pretrial discovery order but which was not produced. Although we condemn intentional government non-compliance with pretrial discovery orders, we find no abuse of discretion by the court in allowing into evidence the statements of defendant made to Agent Genakos. The record indicates no prejudice to de-

fendant by the failure of the government to produce the report prior to trial. United States v. Allsenberrie, 424 F.2d 1209, 1215 (7th Cir. 1970).

Although we recognize that appellant's story at trial differed materially from his story to the Secret Service Agent and that the discrepancy doubtless added to the high improbability of either story being believed by the jury, we cannot see how production of the statement at trial before he testified, as compared to production before trial, prejudiced appellant's cause. He admitted the accuracy of the Secret Service Agent's testimony as to what he had said previously. Hence, he knew about the discrepancy all the while.

The judgment of the District Court is affirmed.